IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. WARREN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-0451-DGK |
| | ) | Crim. No. 02-00014-02-CR-W-DGK |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO CORRECT SENTENCE**

In 2002, Movant Christopher Warren pleaded guilty to conspiracy to manufacture and distribute 50 grams or more of methamphetamine. Based on two prior convictions for "crimes of violence"—second degree burglary and second-degree statutory rape, the latter of which was a crime of violence under the residual clause of the Sentencing Guidelines ("the Guidelines")—the Court sentenced Movant as a "career offender" under the pre-*Booker* Guidelines to 324 months' imprisonment.

Now before the Court is Movant's motion to correct his sentence under 28 U.S.C. § 2255 (Doc. 1).[1] Movant argues his sentence is unlawful under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the residual clause of the Armed Career Criminal Act ("ACCA") was void-for-vagueness.

Holding that Movant's motion was not timely filed, the motion is DENIED without an evidentiary hearing. But because a reasonable jurist could hold that his petition was timely filed, the Court issues a certificate of appealability.

---

[1] Also pending is Movant's motion to stay pending the Supreme Court's decision in *Beckles v. United States* (Doc. 7). This motion is denied as moot.

## Discussion

A district court may vacate a federal conviction if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Movant argues he was not eligible for an enhanced base level sentence under the Guidelines because his conviction for statutory rape qualified as a crime of violence only under the Guidelines' residual clause. Movant contends that this residual clause is invalid under *Johnson*, thus he had fewer than two convictions for crimes of violence and cannot be sentenced as a career offender under the Guidelines. Movant contends the decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (holding the advisory Guidelines are not subject to a challenge under the Due Process Clause like the residual clause of the ACCA), is not controlling because he was sentenced under the pre-*Booker* mandatory Guidelines.

Before the Court can consider the merits of Movant's argument, it must first determine whether Movant's petition was timely filed. The Court holds it was not. Congress provided a § 2255 petition may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). *Johnson* held that the residual clause of the ACCA is unconstitutionally vague, and *Welch v. United States* held that *Johnson* announced a new substantive rule that was retroactive to cases on collateral review. 136 S.Ct. 1257, 1265 (2016). Subsequently, *Beckles* decided that *Johnson* does not apply to the advisory Guidelines, leaving it an open question whether *Johnson* applies to the pre-*Booker* mandatory Guidelines. *Raybon v. United States*, 867 F.3d 625, 630 (6th Cir. 2017). "Because it is an open question, it is not a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral

review.'" *Id.* (quoting 28 U.S.C. § 2255(f)(3)); *see United States v. Brown*, 868 F.3d 297, 303 (4th Cir. 2017) (agreeing with the Sixth Circuit that it is an open question); *Phelps v. United States*, No. C16-0080-LRR, 2017 WL 6815030, at *1 (N.D. Iowa Oct. 2, 2017) ("[D]espite being sentenced pre-Booker, the movant's motion is time-barred because it does not assert a right 'newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'"); *but see Moore v. United States*, 871 F.3d 72, 82-83 (1st Cir. 2017) (rejecting the Fourth and Sixth Circuits' positions, holding the right petitioner was seeking to assert in attacking the residual clause of the pre-*Booker* career offender Guidelines was "exactly the right recognized by *Johnson*.").

The Court agrees with the Sixth and Fourth Circuits that the right Movant seeks to assert—that an individual has a constitutional right not to be sentenced as a career offender under the pre-*Booker* mandatory Guidelines—is a right the Supreme Court has not yet recognized. *Raybon*, 867 F.3d at 630-31; *Brown*, 868 F.3d at 303. Because it is a new right, Movant needed to assert his claim and file his petition within one year of his conviction becoming final. Movant's conviction became final on June 17, 2004, and he filed his petition on May 17, 2016. While this filing was within one year of the *Johnson* decision, it was almost twelve years after the date his conviction became final, and so the Court must dismiss the petition as untimely.

Where a motion raises no disputed question of fact, an evidentiary hearing is not required. *United States v. Meyer*, 417 F.2d 1020, 1024 (8th Cir. 1969). There are no disputed questions of fact here, so no evidentiary hearing will be held. But in light of the First Circuit's decision in *Moore*, the Court finds a reasonable jurist could find the petition was timely filed, and so the Court will issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Date:  March 7, 2018               /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT